CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 01, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Kenneth D. Liggins, | ) |
| Plaintiff, | ) |
| v. | ) |
| Karlyle A. Hill | ) Civil Action No. 5:24-cv-00085 |
| and | ) |
| Zion Baptist Church of Berryville Virginia, Inc., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on Defendants Karlyle A. Hill and Zion Baptist Church of Berryville Virginia, Inc.'s ("Zion Baptist Church") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 5.) For the reasons stated below, the court will grant the Defendants' motion to dismiss.

### I.    Background

**A.  Factual History**

The facts in this section are taken from Liggins's complaint and are accepted as true when resolving the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This is not the first conflict between Plaintiff Kenneth D. Liggins and Defendant Hill. Liggins, who serves as President or Acting President of the Josephine Improvement Association, Inc., (*see* Compl. ¶¶ 3, 18) accuses Hill of long "hav[ing] a habit of falsely accusing [him] of a crime." (*Id.* ¶ 22.) Liggins, for his part, also acknowledges that he has at least once sued Hill in state court. (*Id.* ¶ 12.)

This case arises, however, out of the events of just a single morning. On October 22, 2023, Liggins was protesting alongside Phyliss Washington outside of Defendant Zion Baptist Church in Berryville, Virginia. (*Id.* ¶ 3; *see* Affidavit of Kenneth D. Liggins at 1 (Dkt. 1-2).) At some point during the protests, Hill, who serves as President of Zion Baptist, exited the church and told Washington to move her car from where it was parked. (Liggins Aff. at 1.) Liggins informed Hill that Washington's car was legally parked and that she would not move the vehicle. (*Id.*) In response, Hill announced: "You Kenneth Liggins have been stealing money from the Josephine Improvement Association, that Mrs. Geniva Jackson had been donating to the Josephine Improvement Association, that how you got what you have." (*Id.*; *see* Compl. ¶¶ 5, 6 (providing immaterial variations of the same statement).) Washington and a security guard were present and heard this statement, (Compl. ¶¶ 5, 8, 11, 21), and Washington shortly thereafter repeated the accusation to Jackson, who was at the time Vice President of the Josephine Improvement Association. (Liggins Aff. at 1–2.)

Liggins has never stolen money from the Josephine Improvement Association. (Compl. ¶ 18.) The structure of membership further prevents theft from the organization. (*Id.*) Liggins believes that "that how you got what you have" refers to Liggins's 5-bedroom,

- 2 -

4.5-bathroom home in West Virginia.  (*Id.* ¶ 5.)  At some point following this accusation, Jackson resigned as Vice President of the Josephine Improvement Association.  (Liggins Aff. at 2.)

### B. Procedural History

Defendants note that this complaint "is the latest in a series of lawsuits filed by Plaintiff against Pastor Hill arising out of a dispute relating to the governance of [Zion Baptist Church]."  (Defs.' Mem. in Supp. of Mot. to Dismiss at 1 (Dkt. 6) [hereinafter "Defs.' Mem.].)[1] On August 27, 2021, Liggins, proceeding *pro se*, filed a complaint in the district court in this district alleging defamation based on an alleged defamatory statement made by Hill regarding "insurrections" against the church.  (Dkt. 6-1.)  Three months later, U.S. District Judge Thomas T. Cullen dismissed Liggins's federal law claims and declined to exercise supplemental jurisdiction over the state-law defamation claim.  (Dkt. 6-2.)  The Fourth Circuit affirmed the judgment in February 2023.  (Dkt. 6-3.)

Liggins next filed a *pro se* motion for judgment against Hill in Clarke County Circuit Court.  (*See* Dkt. 6-4.)  Liggins alleged that on August 15, 2021, Hill had stated that "[t]he last insurrections has been gotten rid of."  (*Id.* ¶ 2.)  Liggins claimed this statement violated Virginia

---

[1] Defendants attach to their memorandum in support of their motion fourteen exhibits, which constitute filings and orders from prior judicial proceedings.  While a court generally may not consider matters outside the pleadings on a Rule 12(b)(6) motion, the court may consider these exhibits for two reasons.  First, a court may consider matters of public record when ruling on a motion to dismiss, including records from other court proceedings.  *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).  Second, a court may take judicial notice of facts and filings from prior judicial proceedings when ruling on a res judicata defense without converting the motion to one for summary judgment.  *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

Code § 18.2-417. (*Id.* ¶ 4.) Liggins filed an amended motion for judgment in April 2022, after which he retained counsel. (*See* Dkt. 6-5.) Liggins subsequently nonsuited the case.

Still represented by counsel, Liggins filed another lawsuit in Clarke County Circuit Court on December 21, 2022. (Dkt. 6-6.) Liggins alleged two claims of defamation, the first arising out of the same "insurrection" statement as the prior Clarke County lawsuit, and the second arising out of an alleged statement that Liggins had sued the Trustees of Zion Baptist Church. Liggins later filed an amended complaint. (Dkt. 6-7.) After Liggins's counsel withdrew on November 22, 2023, (Dkt. 6-8), Liggins proceeded *pro se* with this second Clarke County case.

Hill filed a demurrer and plea in bar of the statute of limitations to the amended complaint. (*See* Dkt. 6-9.) On February 5, 2024, the court granted both as to Liggins's first claim regarding the "insurrections" statement and dismissed the claim with prejudice. (*Id.*) The court also sustained the demurrer as to the second claim, but granted Liggins leave to file a second amended complaint as to that count.

Liggins filed a second amended complaint shortly thereafter. The wide-ranging complaint alleged at various points violations of Virginia's fighting words statute, Va. Code Ann. § 8.01-45, a RICO conspiracy, common-law defamation and slander, fraud, witness interference, and perjury. (*See* Dkt. 6-10.) It also added factual allegations regarding the October 22, 2023 statement alleged in the complaint currently before this court. Specifically, the complaint alleged that Hill "accuse[d] 'You Kenneth of steal money from the Josephine Improvement Association, Inc. that Ms. Geniva Jackson had been donating that how you got

- 4 -

what you have.'" (*Id.* ¶ 10.) Liggins explained that this accusation constituted fighting words under Va. Code Ann. § 8.01-45 and that Hill made such an accusation "to cover up his crimes." (*Id.*; *see id.* ¶ 52.) He also described the accusation as one of "[t]he planned steps to carry out and complete [Hill's] conspiracy." (*Id.* ¶ 52.)

Just over two weeks later, Hill filed a motion to dismiss the second amended complaint. (*See* Dkt. 6-11.) The motion to dismiss noted that Liggins had "include[d] various extraneous facts and theories as to which [Liggins] did not receive leave to amend," (*id.* ¶ 18), including "another statement allegedly made by Pastor Hill which was not part of the prior Complaint or Amended Complaint," (*id.* ¶ 14). Hill argued that the second amended complaint therefore had no "legal efficacy" and that the court had no jurisdiction to adjudicate its claims. (*Id.* ¶ 19.) The same day, Hill also filed a motion for entry of a final order in the case. (Dkt. 6-12.) The motion argued that the court's previous February 5 order should now become final, as Liggins had failed to file a valid amended pleading as instructed by the court. (*Id.* ¶¶ 12–13.) In the alternative, Hill filed a demurrer "for the simple reason that the pleading does not inform Pastor Hill of the nature of Plaintiff's claim for relief." (Dkt. 6-13 ¶ 4.) The demurrer specifically noted that the second amended complaint included new allegations of statements made by Hill that were not included in the previous two complaints. (*Id.*)

On April 2, 2024, the state court issued a final order sustaining Hill's demurrer. (Dkt. 6-14.) The order also denied a motion for sanctions made by Hill and found all Hill's other motions—including the motion to dismiss—moot. (*Id.*) As directed by the order, the court

dismissed Liggins's second amended complaint with prejudice. Liggins did not appeal this order, and the time for appeal has passed.

On October 17, 2024, Liggins filed a complaint in this case in the U.S. District Court for the Western District of Virginia. (Dkt. 1.) In late November, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6). (Dkt. 5.) The motion argues that Liggins's complaint is barred by claim preclusion because of Liggins's prior litigation in state court. (*See* Defs.' Mem.) Specifically, Defendants point to Liggins's most recent Clarke County lawsuit, where he included the October 22, 2023 statement in his second amended complaint. (*Id.* at 9–15.) They argue that the state court's final order in the case constituted a ruling on the merits of the October statement. (*Id.* at 11–12.) They also argue that the complaint should be dismissed against Defendant Zion Baptist Church because the church is in privity with Hill. (*Id.* at 12–14.) Defendants attached fourteen exhibits to their brief in support, all of which are filings or orders from prior litigation between the parties. On December 3, 2024, the court issued a *Roseboro* notice to Liggins, informing him that he had 21 days to submit a response. (Dkt. 8.)

Two weeks later, Liggins filed a "Motion to Deny Defendant[s'] Motion to Dismiss as Barred by Res Judicata." (Dkt. 15.) The motion clarified that it made "argument against the Defendant[s'] motion to dismiss under Rule 12(b)(6) as barred by res judicata" and that "facts and authority" supporting Liggins's motion would be set out in a supporting memorandum. (*Id.*) The same day, Liggins filed "Plaintiff's Motion to Deny Defendant[s'] Motion to Dismiss Pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure," which the court construes as

- 6 -

the promised accompanying brief. (Dkt. 16.) This filing asked the court to dismiss Defendants' motion to dismiss because Liggins had stated "a claim that can be proven true." (Dkt. 16 ¶ 1.) It also asserted that although Liggins had raised the October 22, 2023 statement in his prior state-court litigation, "[a]t no time did [he] rely on [that] claim." (*Id.* ¶ 16.) Indeed, Liggins maintains that he "never filed or relied on the statement but [only included it] to prove to the Court that Karlyle A[.] Hill had continued his malicious and willful practice of slander and defamation of character against [him]." (*Id.*; *see id.* ¶ 21 (emphasizing that the statement was raised "not for the Circuit Court to prosecute but to inform").) He further argues that the circuit court did not rule on the statement in its final order. (*Id.* at 13 ¶ 1.) The brief also took issue with a variety of perceived errors in Liggins's prior litigation. (*See id.* ¶¶ 6–8, 10–11, 15; *id.* at 18–20.)

Defendants first treated Liggins's motion as a response to their motion to dismiss and timely filed a reply. (Dkt. 20 at 1 n.1.) On December 31, 2024—two weeks after Liggins filed his motion to deny—Defendants also filed a response to the motion "out of an abundance of caution and to the extent that a response [was] required to avoid waiver of arguments in opposition" to the motion. (Dkt. 23 at 2.) On January 13, 2025, nearly six weeks after the court's *Roseboro* notice, Liggins filed a surreply. (Dkt. 29 at 1 (accepting Defendants' construction of Dkt. 16 as a response to the motion to dismiss).) The surreply included twenty-six attachments, most of which were filings from other court cases with handwritten annotations. Two days later, Liggins also filed a document titled "Plaintiff Opposition to Defendant[s'] Dismissal Under 12(b)(6) and Res Judicata." (Dkt. 30.) The response focused

primarily on perceived errors of the state court and whether there existed genuine issues of material fact. (*Id.*)

Because Liggins's motion to deny and accompanying brief (1) appear responsive to Defendants' motion to dismiss; (2) do not independently constitute a motion recognized by the Federal Rules of Civil Procedure; and (3) were filed within the twenty-one-day period in which Liggins was instructed to file a response to Defendants' motion to dismiss, the court will construe them as such a response. *See, e.g.*, *Lawson v. Core-Mark Int'l*, No. 3:23-cv-712, 2024 WL 4183308, at *1 n.1 (E.D. Va. July 12, 2024) (construing plaintiff's "motion to deny" as opposition to defendant's motion to dismiss). The court will accordingly consider Defendants' reply brief, (*see* Dkt. 20), but will decline to consider Defendants' response to the motion to deny, (*see* Dkt. 23). The court also declines to consider Liggins's surreply, (Dkt. 29), as "[n]o further briefs" after a rebuttal brief "are to be submitted without first obtaining leave of court." W.D. Va. Civ. R. 11(c)(1). Finally, the court will not consider Liggins's most recent response brief, (Dkt. 30), which was filed twenty-two days after the court's deadline for his responsive briefing and after Liggins had already filed a response with the court, and for which Liggins has not sought any extension of time. *See, e.g.*, *Jackson v. Bennett*, No. 7:17-cv-00166, 2018 WL 2123624, at *1 n.1 (W.D. Va. May 8, 2018) (refusing to consider response filed twenty-three days late). However, the court notes that, even if the "special judicial solicitude" offered *pro se* litigants dictated consideration of Liggins's second response, such consideration would not change the court's disposition of the matter. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

## II. Standard of Review

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). They do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017). When determining what constitutes a complaint, pro se plaintiffs are "entitled to a 'liberal construction of the documents [they] deposited with the clerk.'" *Pendleton v. Jividen*, 96 F.4th 652, 656 (4th Cir. 2024) (quoting *Allen v. Atlas Box & Crating Co.*, 59 F.4th 145, 149 (4th Cir. 2023)). "Indeed, courts routinely look beyond what pro se litigants identify as their 'complaint' and analyze the substance of any included documents in considering a motion to dismiss for failure to state a claim." *Id.*

### III. Analysis

Federal courts must afford state-court judgments the full faith and credit they would be given by the state in which the judgment was rendered. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *see* 28 U.S.C. § 1738. In so doing, a federal court must first look to state law to determine the preclusive effect of the state-court judgment. *See In re Genesys Data Techs., Inc.*, 204 F.3d 124, 128 (4th Cir. 2000). "If state law would not bar relitigation of an issue or claim decided in the earlier proceeding, then the inquiry ends—a federal court will not give the state court judgment preclusive effect either." *Id.* But if the state court would find the judgment preclusive, the federal court must then look to determine whether an exception to 28 U.S.C. § 1738 applies.

In Virginia, "[r]es judicata involves both issue and claim preclusion." *Funny Guy, LLC v. Lecego, LLC*, 795 S.E.2d 887, 890 (Va. 2017). Defendants limit their motion to dismiss to the latter. (Defs.' Mem. at 6.) Claim preclusion in Virginia "is governed by Rule 1:6." *Lee v. Spoden*, 776 S.E.2d 798, 804 (Va. 2015). Under Rule 1:6, a prior judgment precludes relitigation if the court finds "(1) that the prior judgment is a final and valid judgment; (2) that the parties are identical or are in privity with each other; and (3) that the claim made in the subsequent lawsuit arises out [of] or relates to the same occurrence, conduct, or transaction upon which the prior lawsuit was based." *Watson v. Newman*, No. 3:23cv721, 2024 WL 3903231, at *6 (E.D. Va. Aug. 21, 2024) (internal quotation marks omitted); *see* Va. Sup. Ct. R. 1:6(a).

To begin, the Clarke County final order constituted a decision "on the merits by a final judgment." Va. Sup. Ct. R. 1:6(a). "In Virginia, a demurrer, if sustained, is a decision on the

merits." *Davenport v. Casteen*, 878 F. Supp. 871, 875 n.4 (W.D. Va. 1995); *see Griffin v. Griffin*, 32 S.E.2d 700, 702 (Va. 1945) ("[I]f [a demurrer] is sustained it is a decision on the merits of the cause."). And such a decision is final if it dismisses the case with prejudice. *Greengael, LC v. Bd. of Supervisors of Culpeper Cnty., Va.*, 313 F. App'x 577, 580 (4th Cir. 2008); *Reed v. Liverman*, 458 S.E.2d 446, 447 (Va. 1995). Because the Clarke County final order sustained Hill's demurrer and explicitly dismissed the entire case with prejudice, it constitutes a final judgment on the merits.

The court also finds that the parties are identical and in privity with each other. Hill, as the only named defendant in the previous Clarke County lawsuit, clearly constitutes a "same opposing party" for the purposes of claim preclusion. *See* Va. Sup. Ct. R. 1:6(a). The issue, then, is whether Zion Baptist Church is in privity with Hill such that "[their] interest[s] [are] so identical with [one] another that representation by one party is representation of the other's legal right." *State Water Control Bd. v. Smithfield Foods, Inc.*, 542 S.E.2d 766, 769 (Va. 2001). Virginia courts typically find privity between parties when they "share a contractual relationship, owe some kind of legal duty to each other, or have another legal relationship such as co-ownership." *Columbia Gas Transmission, LLC v. David N. Martin Revocable Tr.*, 833 F. Supp. 2d 552, 558 (E.D. Va. 2011). Privity may also be established by a principal-agent relationship. *Harris v. McKay*, 122 S.E. 137, 140 (Va. 1924). An agency relationship may be shown by a principal's "power to control" an agent, but it may also be "inferred from the conduct of the parties and from the surrounding facts and circumstances." *Acordia of Va. Ins. Agency, Inc. v. Genito Glenn, L.P.*, 560 S.E.2d 246, 249–50 (Va. 2002) (cleaned up). Whether an agency

- 11 -

relationship exists is generally a question for the finder of fact "unless the existence of the relationship is shown by undisputed facts or by unambiguous written documents." *Id.* at 250 (cleaned up).

Liggins does not make any allegations against Zion Baptist Church in his complaint. Instead, he focuses on the actions of Hill while "acting as President of Zion Baptist Church." (Compl. ¶ 3; *see id.* ¶ 5 (describing Hill as "acting in his official capacity for President of Zion Baptist Church").) To the extent Liggins attempts to bring any claims against Zion Baptist Church, then, they stem entirely from Hill's relationship with the church. Finding that Liggins, by raising such a claim against Zion Baptist Church, cannot dispute an agency relationship between Hill and the church, the court finds the two parties in privity with one another for the purposes of res judicata.

Finally, the court looks to whether the claims made in the present lawsuit arise out of or relate to the same occurrence, conduct, or transaction upon which the prior Clarke County lawsuit was based. "[D]eciding what constitutes a single transaction or occurrence under Rule 1:6 should be a practical analysis." *Funny Guy, LLC*, 795 S.E.2d at 897. In making such a determination, "[n]o single factor is indispensable or determinative." *Id.* (internal quotation marks omitted). Instead, courts must ask generally "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (quoting Restatement (Second) of Judgments § 24(2)).

It's true that, in Liggins's original December 2022 complaint in Clarke County Circuit Court, he did not raise the October 2023 statement at issue in this case. Nor, of course, could he have. The same is true of his August 2023 first amended complaint. But in Liggins's second amended complaint—filed on March 19, 2024—Liggins described the October 2023 statement and explicitly claimed it a violation of Va. Code Ann. § 8.01-45, (Dkt. 6-10 ¶¶ 10, 52), and a step towards Hill's conspiracy, (*id.* ¶ 52). That Liggins described the October statement as "a continuation[] of a Crime . . . against Kenneth Liggins['s] good name and reputation" does not render it a separate incident. (*Id.*) Rather, Liggins's description of the October statement as solely serving as proof that Hill "had continued his malicious and willful practice of slander and defamation of character against plaintiff Kenneth Liggins" demonstrates that Liggins himself believed the October statement to be a factual allegation in support of his claims before the state court. (*See* Dkt. 16 ¶ 16.) It also demonstrates that Liggins's current allegations about Hill's October statement relate to the same conduct upon which the Clarke County lawsuit was based. (*See id.* ¶¶ 20–21.)

Moreover, the Clarke County Circuit Court was presented with the opportunity to dismiss the factual allegations relating to the October statement, but instead chose to rule upon them. Liggins was granted leave to file a second amended complaint only as to his defamation claim based on an alleged March 2022 statement. (Dkt. 6-9; *see* Dkt. 6-7 ¶¶ 30–37.) In his motion to dismiss the second amended complaint, Hill noted that Liggins had included "another statement allegedly made by Pastor Hill which was not part of the prior Complaint or Amended Complaint" and argued that the second amended complaint therefore "did not

- 13 -

comply with the scope of the leave to amend granted" by the court's previous order. (Dkt. 6-11 ¶¶ 14, 18.) Because Liggins submitted "various extraneous facts and theories" for which he did not receive leave to amend, Hill requested that the court dismiss the entirety of the pleading. (*Id.* ¶¶ 18–21.) Instead, the court sustained Hill's demurrer, which argued that the second amended complaint "d[id] not inform Pastor Hill of the nature of [Liggins's] claim for relief," (Dkt. 6-13 ¶ 4), and dismissed the entire case with prejudice. (Dkt. 6-14.)

Because the court finds that the state-court judgment was a final judgment on the merits, that the parties are identical (or in privity with one another), and that the claims arising in this case are related to the same conduct upon which the Clarke County lawsuit was based, the court determines that Virginia courts would give the state-court judgment preclusive effect. This court must therefore give the Clarke County judgment the full preclusive effect it would be afforded by Virginia courts.[2] Because Liggins has already litigated this claim in state court, he cannot seek a second bite at that apple here.

## IV.   Conclusion

For the foregoing reasons, the court will grant Defendants' motion to dismiss (Dkt. 5). Because his claims are barred by res judicata, Liggins's complaint will be dismissed with prejudice.

An appropriate Order shall accompany this Memorandum Opinion.

---

[2] Federal courts must also ensure that there are no exceptions that preclude the application of 28 U.S.C. § 1738. *See In re Genesys Data Techs., Inc.*, 204 F.3d at 128. Because there is no established exception for state-court judgments, *see Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996), the court need not further discuss the exception issue.

**ENTERED** this 1st day of August, 2025.

                                                    HON. JASMINE H. YOON
                                                    UNITED STATES DISTRICT JUDGE